J-A26043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC SCOTT HECK, | |
| Appellant | No. 305 MDA 2015 |

Appeal from the Judgment of Sentence January 16, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0004604-2009

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 29, 2015**

Appellant, Eric Scott Heck, appeals from the judgment of sentence entered on January 16, 2015, following the revocation of his probation.  On appeal, Appellant challenges the discretionary aspects of sentence.  For the reasons discussed below, we affirm the judgment of sentence.

On August 9, 2010, Appellant pleaded guilty to charges of criminal trespass, theft by unlawful taking, and criminal mischief.[1]  That same day, the trial court sentenced him to not less than twenty nor more than sixty months' intermediate punishment (IP).  Appellant did not file a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa. C.S.A. §§ 3503(a)(1)(ii), 3921(a), and 3304(a)(5), respectively.

On May 2, 2012, the trial court issued a bench warrant for Appellant because of a violation of probation. In December 2012, the trial court continued Appellant's revocation hearing pending an evaluation of his eligibility for state IP (SIP). On April 23, 2013, the trial court revoked Appellant's probation and sentenced him to not less than two years of SIP.

On October 22, 2014, the Commonwealth received notice that Appellant escaped from SIP and, therefore, had been expelled from it. (*See* N.T. Sentencing, 1/16/15, at 2). Because of that escape and criminal conduct Appellant committed during his escape, the Commonwealth charged him with additional crimes. (*See id.*).

On January 16, 2015, following a revocation hearing, the trial court sentenced Appellant to not less than four nor more than eight years of incarceration for criminal trespass. The court credited Appellant for time served from July 28, 2009, through August 9, 2010, and from December 14, 2012, to January 16, 2015.

On January 26, 2015, Appellant filed a post-sentence motion seeking modification of his sentence. On February 16, 2015, the trial court denied the motion. The instant, timely appeal followed.

On February 19, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant complied on March 4, 2015. On March 10, 2015, the trial court filed an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

Whether the trial court erred in denying Appellant's post-sentence motion for modification of sentence where Appellant's sentence is excessive and unreasonable and constitutes too severe of a punishment in light of the alleged gravity of the offense, the alleged probation violations, what is needed to protect the public, and Appellant's rehabilitative needs?

(Appellant's Brief, at 5).

On appeal, Appellant challenges the discretionary aspects of his sentence.[2] In **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), an *en banc* panel of this Court held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Cartrette**, **supra** at 1034. Thus, Appellant's claim is properly before us.

The right to appeal the discretionary aspects of a sentence is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" **Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of

---

[2] We note that Appellant preserved his discretionary aspects of sentence claim by filing a timely post-sentence motion for reconsideration of sentence. **See McAfee**, **infra** at 275.

Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we determine whether a substantial question exists. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (emphases in original).

Here, Appellant has included a Rule 2119(f) statement in his brief. (*See* Appellant's Brief, at 8-10). In it, Appellant argues that the sentence was excessive and unreasonable and constitutes too severe a punishment because he pleaded guilty to the charges that constituted the basis for revocation and because the sentence of total confinement was more severe than his previous sentences of IP. (*See id.* at 9-10). This claim raises a substantial question. *See Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013).

> [T]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. . . . Once probation has been revoked, a sentence of

- 4 -

total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court.

**Commonwealth v. Edwards**, 71 A.3d 323, 327 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citations omitted).

Here, as discussed above, this is Appellant's second revocation from IP. Further, Appellant's probation violation was an escape that led to new criminal charges. (**See** Trial Court Opinion, 3/10/15, at 3). Thus, Appellant has twice demonstrated his inability to conform to the requirements of IP. (**See id.**). Lastly, Appellant's sentence was well within the statutory limits.[3] (**See id.**). Thus, the record amply supports Appellant's sentence of total confinement, and his claim that the sentence was unreasonable is frivolous. **See Edwards**, **supra** at 327.

Further, even if this were not the case, Appellant's one-paragraph argument that his sentence is excessive is underdeveloped. (**See** Appellant's Brief, at 9-10). It is settled that "we do not accept bald assertions of sentencing errors. Rather, Appellant must support his assertions by articulating the way in which the court's actions violated the

---

[3] We note that the sentencing guidelines do not apply to sentences imposed following a revocation of probation. **See Commonwealth v. Williams**, 69 A.3d 735, 741 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014) (citation omitted).

sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citation omitted). Appellant failed to do so. (***See*** Appellant 's Brief, at 9-10). Appellant's issue does not merit relief. ***See Malovich***, ***supra*** at 1252.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015